IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Stuart Lee Clark**                                                                                      **Plaintiff**

**v.**                              **No. 4:13–CV–711-BSM-HDY**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                        **Defendant**

## Instructions for Recommended Disposition

The following recommended disposition will be sent to U.S. District Judge Brian S. Miller. A party to this dispute may file and serve written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] Failing to object within 14 days may waive the right to appeal questions of fact.[2] An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

to be proffered at a hearing. Based on this submission, Judge Miller will determine the need for a hearing.

## Reasoning for Recommended Disposition

Stuart Lee Clark seeks judicial review of the denial of his third application for supplemental security income (SSI).[3] In the past, Clark mostly worked as a carpenter, but he obtained his last job through a staffing agency, laying water pipe.[4] He was let go on January 20, 2011, after failing a drug test.[5] He applied for SSI the next day. He claimed he was disabled because of chronic bronchitis, emphysema and low back problems.[6] He testified that he has been depressed since the death of his father.

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Clark has severe impairments — chronic obstructive pulmonary disease, a history of asthma, depressive disorder, and alcohol abuse.[7] The ALJ determined that Clark has the physical ability to do some light work,[8] but

---

[3]SSA record at p. 157 (alleging disability since June 1, 2006). *See id*. at p. 175 (prior applications denied on Dec. 12, 2008 and July 16, 2010).

[4]*Id*. at pp. 180 & 186.

[5]*Id*. at pp. 39 & 179.

[6]*Id*. at p. 179.

[7]*Id*. at p. 15.

[8]*Id*. at pp. 16-17 ( placing the following limitations on light work: (1) avoid pulmonary irritants and temperature extremes, (2) occasional balancing, stooping,

concluded that Clark is disabled because he would miss two to three workdays, or be late, each month and requires frequent at-will breaks.[9]  The ALJ found that Clark's alcohol use is a contributing factor material to his disability.[10]  The ALJ found that if Clark stopped using alcohol, he can work as a production assembler, cashier II, or escort vehicle driver.[11]  Because a person is ineligible for SSI if alcohol abuse is a contributing factor material to his disability,[12] the ALJ denied the application.

After the Commissioner's Appeals Council denied a request for review,[13] the ALJ's decision became a final decision for judicial review.[14]  Clark filed this case to

---

crouching, and stair/ladder climbing, (3) work involving simple job instructions and simple work-related decisions, (4) work performed by rote with few variables and requiring little judgment, (5) few work place changes, (6) incidental interpersonal contact is incidental, and (7) simple, direct, concrete supervision).

[9]*Id*. at pp. 17-19.

[10]*Id*. at pp. 21-25.

[11]*Id*. at p. 25.

[12]*Rehder v. Apfel*  205 F.3d 1056, 1060 (8th Cir. 2000) ("If the claimant's remaining limitations would not be disabling, the claimant's alcoholism…is a contributing factor material to a determination of disability and benefits will be denied.").

[13]SSA record at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

challenge the decision.[15]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Clark's allegations**.  Clark challenges the finding that alcohol abuse is a contributing factor material to his disability.  He relies on his testimony about drinking three to four beers per day.[17]  He suggests the ALJ erred by considering his history of driving while intoxicated (DWI), because he was last charged in 2008.  He maintains alcohol use has no impact on his ability to work.  He contends substantial evidence does not support the ALJ's determination that alcohol abuse is a contributing factor to the finding of disability.

**Applicable legal principles**.  A disabled claimant is ineligible for SSI if alcohol

---

[15]Docket entry # 1.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[17]Docket entry # 13, p. 7.  Clark actually testified that he drinks three to four beers "per month," not "per day."

4

abuse materially contributes to his disability.[18]  Under the regulations, the relevant question is whether the ALJ would find the claimant disabled if he stopped using alcohol.[19]  The claimant bears the burden of proving alcohol abuse is not a contributing factor material to his disability.[20]  For substantial evidence to support the ALJ's finding, a reasonable mind must accept the evidence as adequate to show alcohol use is a contributing factor material to Clark's disability.[21]

**Whether substantial evidence exists**.  Clark's testimony is the only evidence detracting from the ALJ's finding.  Clark testified that he has been depressed since 2009 when his father died; he said he found his deceased father two days after his brother killed his father and he had to clean up the mess.[22]  He testified that he receives mental

---

[18] 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled…if alcoholism…would…be a contributing factor material to the Commissioner's determination that the individual is disabled.").

[19] 20 C.F.R. § 416.935 (" In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using…alcohol and then determine whether any or all of your remaining limitations would be disabling.).

[20] *Fastner v. Barnhart*, 324 F.3d 981, 984 (8th Cir. 2003).

[21] *See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[22] SSA record at pp. 44-45.

health treatment; he identified psychotropic drugs for depression.[23] He said he drinks only three or four beers per month.[24] Inconsistent statements undermine the credibility of this testimony.[25]

The ALJ responded to Clark's testimony by ordering a mental diagnostic evaluation.[26] The psychological examiner made two diagnoses: (1) alcohol dependence, and (2) depressive disorder not otherwise specified with reactive and bereavement issues, and features that are secondary to alcohol use.[27] According to the psychological examiner, Clark is slightly impaired in carrying out simple and detailed work instructions and making work-related decisions.

During the evaluation, Clark said he drinks two beers when he runs out of his medication,[28] but stated that he drank four beers before the evaluation.[29] Clark

---

[23]*Id*. at pp. 41-43.

[24]*Id*. at p. 51.

[25]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."); *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) ("The ALJ may discredit a claimant based on inconsistencies in the evidence.").

[26]SSA record at p. 44.

[27]*Id*. at p. 305.

[28]*Id*. at pp. 299 & 301.

[29]*Id*. at p. 301.

reported alcohol use at a level that would affect depression and cognitive/memory functioning.[30] He reported ten DWIs.[31]

Clark told the psychological examiner that he was treated for alcohol abuse at Wilbur Mills Treatment Center, but contradicted himself by reporting treatment through the Department of Corrections Substance Abuse Treatment Program.[32] He said he takes medication for depression, but the medical evidence reflects no active medication order.[33]

Clark told the examiner that he hadn't worked for five years,[34] but his earnings report shows earnings during that time period.[35] His mood was a little depressed.[36] The examiner opined that Clark's mood symptoms are very likely influenced by, or induced by, alcohol abuse.[37]

---

[30]*Id.* at p. 311.

[31]*Id.* at p. 300.

[32]*Id.* at p. 301.

[33]The ALJ left the record open for new medical evidence, but Clark presented no evidence substantiating his testimony.

[34]*Id.* at p. 301.

[35]*Id.* at p. 164. *See also id.* at p. 179 (reporting that he last worked in 2011).

[36]*Id.* at p. 302.

[37]*Id.* at p. 305.

Clark's responses suggested malingering.[38] The examiner reported that if Clark was alcohol free and wasn't malingering, he would have to say that Clark has problems in longer term memory.[39] According to the examiner, Clark likely minimizes his alcohol use and its effect on his symptoms.[40]

The ALJ properly discounted the credibility of Clark's testimony. A reasonable mind would accept the evidence as adequate to support the ALJ's finding because: (1) according to the psychological examiner, Clark's alcohol abuse contributes to his mental limitations, (2) the examiner's diagnoses implicate alcohol abuse, (3) medical evidence reflects no treatment for depression, (4) Clark contradicted himself during the mental diagnostic evaluation, and (5) Clark reported ten DWIs. Even if Clark's last DWI was in 2008, the ALJ properly considered the DWIs. Clark alleged disability beginning in 2006; a history of ten DWIs implicates alcohol abuse as a contributing factor material to disability.

## Conclusion and Recommendation

Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Clark's

---

[38]*Id*. at pp. 307 & 310.

[39]*Id*. at p. 312.

[40]*Id*. at p. 307.

request for relief (docket entry #1) and AFFIRMING the Commissioner's decision.

Dated this _25__ day of September, 2014.

_____
United States Magistrate Judge